**BICKHAM et al. v. CO-OPERATIVE BUR-
IAL ASS'N. \***

No. 4836.

Court of Appeal of Louisiana.
Second Circuit.

Nov. 2, 1934.

W. H. Betts, of Hempstead, Tex., and J. B. Crow, of Shreveport, for appellant.

Cook & Cook, of Shreveport, for appellees.

DREW, Judge.

The widow and only child of Isaac B. Bickham sued to recover the burial expenses incurred in burying Isaac C. Bickham. The suit is brought on a policy held by deceased with the defendant company.

Deceased owned a policy, or certificate of membership, in the Co-Operative Burial Association, whereunder he was required to pay to said association $2 initiation fee and $1 per month dues thereafter. The association agreed at his death to furnish a casket costing $150, complete funeral, robe, and hearse.

It is admitted that deceased was a member of said association and his dues were paid up to the date of his death. It is also admitted that the amount sued for is a reasonable amount to claim under the certificate of membership in said association. Attached to the certificate of membership is the following notation on a printed slip signed by the association, by its president:

"We hereby designate McCook Brothers Funeral Home our representative to carry out agreement covered by attached contract."

Isaac C. Bickham died about 9 o'clock at night, and one of the members of the family called McCook Bros. Funeral Home, which took charge of the body about 11 o'clock the same night, moving it to its funeral home where the body was prepared for burial. About 5 o'clock the next morning, members of the deceased's family went to the undertaking establishment to select the casket, which was done at that time, and they then informed McCook Bros. that deceased held the policy which designated it as agent to bury deceased. The policy or certificate was called for, and at about 7 o'clock that morning it was presented to McCook Bros.; who at that time notified plaintiff's representative that they no longer had such a contract with defendant. The body had been prepared for burial and was then ready to be placed in the casket. McCook Bros. were ordered to continue with the funeral, which they did. The bill for the burial was presented to defendant, and the local manager of the defendant association promised to pay it, less the cost of embalming. It was not paid, and this suit is for the amount of the bill, less the cost of embalming.

174

The sole and only defense is that McCook Bros. Funeral Home was not the agent for the burial of defendant's members at the time of the death of deceased, and that he had been notified of this fact by one of its agents, who contends that she rushed into his home while he was sick, saw no other member of the family, and left a letter containing this notice in the sick man's room on another bed which was in the same room. No member of the family ever saw the letter, and it is not shown that deceased ever saw it, if it was left there. The testimony of defendant's agent as to the letter is not convincing, and the great preponderance of the testimony is against it having been left in deceased's room. The burden of proof as to the notice of change of agent for burial is on the defendant. It has failed to overcome this burden, and the defense must fall.

The lower court found for plaintiff, and we find no error in the judgment. It is therefore affirmed, with costs.